UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                        Case No.  8:13-cv-1538-T-24 AEP

LAI N. NGUYEN,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Summary Judgment.  (Doc. No. 10).  Defendant has not filed a response in opposition, and as such, the Court construes the motion to be unopposed.

**I.  Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor.  See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted).  The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  See id. (citation omitted).  When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial.  See id. (citation omitted).

**II.  Motion for Summary Judgment**

Plaintiff filed this lawsuit against Defendant for a default on a student loan that was entered into in 1988. Currently, the principal amount due is $1,978.25. (Doc. No. 10, Ex. A). Interest has been accruing at 8%, and accrued interest as of January 2, 2007 was $4,589.19. (Doc. No. 10, Ex. A). After January 2, 2007, interest has been accruing at a rate of $ 0.43 per day, with an additional $1,043.61 in interest due (for 2,427 days since January 2, 2007). (Doc. No. 10, Ex. A). Thus, the total amount of principal and interest currently due is $7,611.05.

On July 9, 2013, Defendant, proceeding *pro se*, filed an answer to the complaint. (Doc. No. 9). In his answer, Defendant asserts the defense that he signed a promissory note for repayment of the amounts due on June 20, 2013, and he cites to an attachment. (Doc. No. 9). The attachment, however, is an application, not an executed promissory note. (Doc. No. 9).

Thereafter, Plaintiff filed the instant motion for summary judgment. The Court warned Defendant that if he failed to file a response to the motion for summary judgment by August 23, 2013, the Court would consider the motion to be unopposed. (Doc. No. 11). To date, Defendant has not filed a response in opposition. Accordingly, the Court grants Plaintiff's motion for summary judgment and awards Plaintiff $7,611.05 as the total amount of principal and interest currently due under the note.

Plaintiff also seeks an award of $1,125 in costs, consisting of $1,100 in attorney's fees and $25 as a fee for service. (Doc. No. 10, p. 3). While Plaintiff states that it "is entitled to attorney's fees pursuant to contract," Plaintiff does not attach the contract to support this assertion. Additionally, Plaintiff does not include any documentary support for the $25 service fee. As such, the Court denies Plaintiff's motion for costs without prejudice.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiff's Motion for Summary Judgment (Doc. No. 10) is **GRANTED** to the extent set forth above.

(2) The Clerk is directed to enter judgment in favor of Plaintiff in the amount of $7,611.05 and then to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 26th day of August, 2013.

Copies to:
Counsel of Record
Pro Se Defendant

SUSAN C. BUCKLEW
United States District Judge