UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAI N. NGUYEN,

    Defendant.

CASE NO.: 8:13-CV-1538-T-24 AEP

## MOTION TO COMPEL RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION IN AID OF EXECUTION & INTERROGATORIES IN AID OF EXECUTION

Plaintiff, UNITED STATES OF AMERICA moves for the Court to enter an order compelling Defendant, LAI N. NGUYEN, to provide discovery in full response to the Request for Production and Interrogatories in Aid of Execution propounded by plaintiff, and mailed on **August 30, 2013** in this matter. Responses thereto were due **September 30, 2013**.

### II. LEGAL ARGUMENT

1.     Pursuant to Rule 26, Fed.R.Civ.P. (2000), the general scope of allowable discovery is as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents or tangible things and the identify and location of persons having knowledge of any discoverable matter. The information sought may not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

1

See Rule 26(b)(1), Fla.R.Civ.P. (2000). Here Plaintiff's discovery requests are directed at obtaining information in Aid of Execution on the judgment Plaintiff obtained from this Court. As such, Plaintiff is entitled to the discovery requested from Defendant. See Rule 26(b)(1), Fla.R.Civ.P. (2000); See also *Dunbar v. United States*, 502 F.2d 506, 509 (5th Cir. 1974) (discovery should be allowed if the information sought appears reasonably calculated to lead to the discovery of admissible evidence).

2. Furthermore, in the instant case, Defendant has neither responded to or objected to any of the Plaintiff's discovery requests. Having failed to object and/or respond to Plaintiff's discovery requests, Defendant has waived any right to assert an objection concerning the discovery sought. *See e.g. Heil-Winger v. St. Luke's Shawnee Mission Medical Center*, 1997 W.L. 634342*1 (D.Kan. 1997) (finding that plaintiff's failure to respond to discovery requests constitutes a waiver of all objections plaintiff may have had). *See also Hoffman v. United Telecommunications, Inc. 117 F.R.D. 436, 438 (D.Kan. 1987)* (determining the plaintiff's failure to object to interrogatories constitute a waiver of the right to do so).

3. Finally, pursuant to Rule 37(a)(4), Fed.R.Civ.P. (2000), Plaintiff is entitled to its reasonable attorney's fees and expenses associated with the filing of this Motion. *See e.g. Maddow v. Procter and Gamble Company, Inc., 107 F. 3d 846, 853 (11th Cir. 1997)* (stating that "[a] court must impose attorneys' fees and expenses when compelling discovery unless the party was substantially justified in resisting discovery.")

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL 33134
TELEPHONE (305) 262-4433

## GOOD FAITH CERTIFICATION

Undersigned counsel hereby certifies that he has attempted to confer with the opposing party in this matter in a good faith effort to resolve the issues raised in this motion, but has been unable to do so because we could not communicate with Defendant.

Dated: October 24, 2013
Miami, Florida

Respectfully submitted,

_____
STEVEN M. DAVIS
(Florida Bar No. 894249)
Email: Sdavis@bplegal.com
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
Telephone: (305)262-4433
Facsimile: (305) 442-2232
*Attorneys for Plaintiff United States of America*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Regular US Mail on 24 day of October, 2013 to: LAI N. NGUYEN at 8866 Cameron Cret Drive, Tampa, Florida 33626.

_____
STEVEN M. DAVIS

ACTIVE: U06092/346215:5141189_1

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAI N. NGUYEN,<br><br>Defendant. | CASE NO.: 8:13-CV-1538-T-24 AEP |

## ORDER ON PLAINTIFF'S MOTION TO COMPEL OF FULL RESPONSES TO PRODUCTION IN AID OF EXECUTION

THIS CAUSE having come before the Court upon Plaintiff, UNITED STATES OF AMERICA ("USA")'s motion to compel of full responses to Production In Aid of Execution. Upon due consideration, it is hereby

ORDERED AND ADJUDGED that Plaintiff's motion is GRANTED. Defendant must provide answers to Plaintiff's First Request for Production In Aid of Execution and documents complying with Plaintiff's First Request for Production in Aid of Execution within ten (10) days from the date of this order. Plaintiff is awarded _____ in sanctions against Defendant for which sum let execution issue forthwith.

DONE AND ORDERED in Chambers of _____ County, Florida this _____ day of _____, 2013.

                                                  **HENRY LEE ADAMS, JR.**
                                                  **UNITED STATES DISTRICT JUDGE**

**Copies furnished to:**

Steven M. Davis, Esq.
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, Florida 33134

Lai N. Nguyen
8866 Cameron Cret Drive
Tampa, Florida 33626